## UNITED STATES DISTRICT COURT
## SOUTHERN DISTRICT OF TEXAS
## HOUSTON DIVISION

| | | |
|---|---|---|
| **UNITED STATES OF AMERICA** | § | |
| | § | |
| **v.** | § | **CRIMINAL NO. 4:18-cr-455** |
| | § | |
| **GARY SHAWN HAYNES, JR.,** | § | |
| **Defendant.** | § | |

## <u>PLEA AGREEMENT</u>

The United States of America, by and through Ryan K. Patrick, United States Attorney for the Southern District of Texas, and Sherri L. Zack, Assistant United States Attorney, and the defendant, Gary Shawn Haynes ("Defendant"), and Defendant's counsel, pursuant to Rule **11(c)(1)(A)** of the Federal Rules of Criminal Procedure, state that they have entered into an agreement, the terms and conditions of which are as follows:

### Defendant's Agreement

1.     Defendant agrees to plead guilty to Count **1** of the Superseding Indictment.   Count 1 charges Defendant with **Conspiracy to Commit Sex Trafficking of Minors**, in violation of Title 18, United States Code, Sections 1594(c), 1591(a)(1) and (2), (b)(2) and (c).   Defendant, by entering this plea, agrees that he is waiving any right to have the facts that the law makes essential to the

punishment either charged in the indictment, or proved to a jury or proven beyond a reasonable doubt.

## Punishment Range

2.   The **statutory** maximum penalty for each violation of Title 18, United States Code, Sections 1594(c), 1591(a)(1) and (2), (b)(2) and (c), is imprisonment for any term of years or for Life, and a fine of not more than $250,000. Additionally, Defendant may receive a term of supervised release after imprisonment of **at least** 5 years and up to Life.   *See* Title 18, United States Code, sections 3559(a)(1), and 3583(b)(2).   Defendant acknowledges and understands that if he should violate the conditions of any period of supervised release which may be imposed as part of his sentence, then Defendant may be imprisoned for **up to** Life years, without credit for time already served on the term of supervised release prior to such violation.   *See* Title 18, United Stated Code, sections 3559(a)(1), and 3583(e)(3) and (k).   Defendant understands that he cannot have the imposition or execution of the sentence suspended, nor is he eligible for parole.

## Mandatory Special Assessment

3.   Pursuant to Title 18, United States Code, section 3013(a)(2)(A), immediately after sentencing, Defendant will pay to the Clerk of the United States District Court a special assessment in the amount of one hundred dollars ($100.00)

per count of conviction.   The payment will be by cashier's check or money order,

payable to the Clerk of the United States District Court, c/o District Clerk's Office,

P.O. Box 61010, Houston, Texas 77208, Attention: Finance.

4.   Pursuant to Title 18, United States Code, Section 3014(a)(3), if the court

Determines that the Defendant is a non-indigent person, the Defendant will pay to

the Clerk of the United States District Court a special assessment in the amount of

five thousand dollars ($5000.00) per count of conviction.   The payment will be by

cashier's check or money order, payable to the Clerk of the United States District

Court, c/o District clerk's Office, P.O. Box 61010, Houston, TX 77208, Attention:

Finance.

**Immigration Consequences**

5.   Defendant recognizes that pleading guilty may have consequences with

respect to his/her immigration status.   Defendant understands that if he/she is not a

citizen of the United States, by pleading guilty he/she may be removed from the

United States, denied citizenship, and denied admission to the United States in the

future.   Defendant understands that if he is a naturalized United States citizen,

pleading guilty may result in immigration consequences, such as denaturalization

and potential deportation or removal from the United States.   Defendant's attorney

has advised Defendant of the potential immigration consequences resulting from

3

Defendant's plea of guilty, and Defendant affirms that he/she wants to plead guilty regardless of any immigration consequences that may result from the guilty plea and conviction.

**Waiver of Appeal and Collateral Review**

6.   Defendant is aware that Title 28, United States Code, section 1291, and Title 18, United States Code, section 3742, afford a defendant the right to appeal the conviction and sentence imposed. Defendant is also aware that Title 28, United States Code, section 2255, affords the right to contest or "collaterally attack" a conviction or sentence after the judgment of conviction and sentence has become final.   Defendant knowingly and voluntarily waives the right to appeal or "collaterally attack" the conviction and sentence, except that Defendant does not waive the right to raise a claim of ineffective assistance of counsel on direct appeal, if otherwise permitted, or on collateral review in a motion under Title 28, United States Code, section 2255.   Defendant's knowing and voluntary waiver of the right to appeal or collaterally attack the conviction and sentence includes waiving the right to raise on appeal or on collateral review any argument that (1) the statute(s) to which the defendant is pleading guilty is unconstitutional and (2) the admitted conduct does not fall within the scope of the statute(s).   In the event Defendant files a notice of appeal following the imposition of the sentence or later collaterally attacks his

4

conviction or sentence, the United States will assert its rights under this agreement and seek specific performance of these waivers.

7.   In agreeing to these waivers, Defendant is aware that a sentence has not yet been determined by the Court.   Defendant is also aware that any estimate of the possible sentencing range under the sentencing guidelines that he/she may have received from his/her counsel, the United States or the Probation Office, is a prediction and not a promise, did not induce his/her guilty plea, and is not binding on the United States, the Probation Office or the Court.   The United States does not make any promise or representation concerning what sentence the defendant will receive.   Defendant further understands and agrees that the United States Sentencing Guidelines are "effectively advisory" to the Court.   *See United States v. Booker*, 543 U.S. 220 (2005).   Accordingly, Defendant understands that, although the Court must consult the Sentencing Guidelines and must take them into account when sentencing Defendant, the Court is not bound to follow the Sentencing Guidelines nor sentence Defendant within the calculated guideline range.

8.   Defendant understands and agrees that each and all waivers contained in the Agreement are made in exchange for the concessions made by the United States in this plea agreement.

5

## The United States' Agreements

9.   The United States agrees to each of the following:

(a)   If Defendant pleads guilty to Count 1 of the superseding indictment and persists in that plea through sentencing, and if the Court accepts this plea agreement, the United States will move to dismiss any remaining counts of the superseding indictment at the time of sentencing;

(b)   If the Court determines that Defendant qualifies for an adjustment under section 3E1.1(a) of the United States Sentencing Guidelines, and the offense level prior to operation of section 3E1.1(a) is 16 or greater, the United States will move under section 3E1.1(b) for an additional one-level reduction because Defendant timely notified authorities of his or her intent to plead guilty, thereby permitting the United States to avoid preparing for trial and permitting the United States and the Court to allocate their resources more efficiently.

## Agreement Binding - Southern District of Texas Only

10.   The United States Attorney's Office for the Southern District of Texas agrees that it will not further criminally prosecute Defendant in the Southern District of Texas for offenses arising from conduct charged in the indictment.   This plea agreement binds only the United States Attorney's Office for the Southern District of Texas and Defendant.   It does not bind any other United States Attorney's Office. The United States Attorney's Office for the Southern District of Texas will bring this plea agreement and the full extent of Defendant's cooperation to the attention of other prosecuting offices, if requested.

## United States' Non-Waiver of Appeal

11.   The United States reserves the right to carry out its responsibilities under guidelines sentencing.   Specifically, the United States reserves the right:

(a)   to bring its version of the facts of this case, including its evidence file and any investigative files, to the attention of the Probation Office in connection with that office's preparation of a presentence report;

(b)   to set forth or dispute sentencing factors or facts material to sentencing;

(c)   to seek resolution of such factors or facts in conference with Defendant's counsel and the Probation Office;

(d)   to file a pleading relating to these issues, in accordance with section 6A1.2 of the United States Sentencing Guidelines and Title 18, United States Code, section 3553(a); and

(e)   to appeal the sentence imposed or the manner in which it was determined.

## Sentence Determination

12.   Defendant is aware that the sentence will be imposed after consideration of the United States Sentencing Guidelines and Policy Statements, which are only advisory, as well as the provisions of Title 18, United States Code, Section 3553(a). Defendant nonetheless acknowledges and agrees that the Court has authority to impose any sentence up to and including the statutory maximum set for the

offense(s) to which Defendant pleads guilty, and that the sentence to be imposed is within the sole discretion of the sentencing judge after the Court has consulted the applicable Sentencing Guidelines.   Defendant understands and agrees that the parties' positions regarding the application of the Sentencing Guidelines do not bind the Court and that the sentence imposed is within the discretion of the sentencing judge.   If the Court should impose any sentence up to the maximum established by statute, or should the Court order any or all of the sentences imposed to run consecutively, Defendant cannot, for that reason alone, withdraw a guilty plea, and will remain bound to fulfill all of the obligations under this plea agreement.

### Rights at Trial

13.    Defendant understands that by entering into this agreement, he surrenders certain rights as provided in this plea agreement.   Defendant understands that the rights of a defendant include the following:

(a)    If Defendant persisted in a plea of not guilty to the charges, defendant would have the right to a speedy jury trial with the assistance of counsel.   The trial may be conducted by a judge sitting without a jury if Defendant, the United States, and the court all agree.

(b)    At a trial, the United States would be required to present witnesses and other evidence against Defendant.   Defendant would have the opportunity to confront those witnesses and his attorney would be allowed to cross-examine them.   In turn, Defendant could, but would not be required to, present witnesses and other evidence on his own behalf.   If the witnesses for Defendant would not appear

voluntarily, he could require their attendance through the subpoena power of the court; and

(c)     At a trial, Defendant could rely on a privilege against self-incrimination and decline to testify, and no inference of guilt could be drawn from such refusal to testify.   However, if Defendant desired to do so, he/she could testify on his/her own behalf.

## Factual Basis for Guilty Plea

14.   Defendant is pleading guilty because he is in fact guilty of the charges contained in Count 1 of the superseding indictment.   If this case were to proceed to trial, the United States could prove each element of the offense beyond a reasonable doubt.   The following facts, among others would be offered to establish Defendant's guilt:

Between October 1, 2017, and November 24, 2017, Defendant Gary Shawn Haynes, Jr., within the Southern District of Texas and elsewhere, conspired with Jaimian Rashaad Sims, Deszmann Broussard, and others to knowingly, in and affecting interstate commerce, recruit, entice, harbor, transport, provide, obtain, advertise, maintain, patronize and solicit by any means, and benefited financially and by receiving anything of value, from participation in a venture which participated in any or all of the activities mentioned above would cause a person whom the Defendant had a reasonable opportunity to observe and had not attained the age of 18 years to engage in commercial sex acts.

On or about October 1, 2017, Defendant Gary Shawn Haynes, Jr. was introduced by Tabbetha Mangis to Jane Doe, who was 17 years of age, (DOB 8/15/2000).   Mangis knows Jane Doe as the best friend of her younger sister. Mangis knew Jane Doe resided in the city she and her sister grew up in, several hours from Houston, TX.   The introduction to Haynes was made via social media/text message.   Jane Doe communicated with Haynes until November 18, 2017.   On that date, it was agreed that Haynes would pick up Jane Doe and bring her to Houston, TX.   Mangis gave her car to Haynes and others to pick up Jane Doe. Jane Doe was taken by Haynes to Houston, TX and brought to "The Mansion", a home located at 5671 Grand Floral Blvd.   Jane Doe was instructed on the rules of "the game", meaning how to conduct herself while engaging in commercial sex for the benefit of Haynes and others.    At that time, Mangis was one of the residents of that home, along with her then boyfriend Co-defendant Jaimian Sims.

Haynes has known Sims since late 2016 or early 2017.    Haynes knows Sims as "Lean", a member of TSF or The Sauce Factory and as a pimp.    Haynes was aware of Sims sex trafficking activities and stated Sims told him to be a pimp. Haynes stated Sims encouraged him to be a pimp and gave Haynes the opportunity to hang around and observe Sims function as a pimp.

Shortly after arriving at The Mansion, Jane Doe was taken to an Express

10

Inn and provided with fraudulent identification to rent a room.   Due to Jane Doe's real age she was unable to rent a room on her own.

Haynes was aware that Jane Doe was under the age of 18 and overheard a conversation between Mangis and Sims where they discussed that Jane Doe was only 17 years old.   While at the hotel, Jane Doe recognized Mangis's boyfriend, Jaimian Sims, who Jane Doe knows as Sauce Lean of TSF a rap group she followed on social media.   Records indicate that Sims was already checked into the hotel when Jane Doe arrived.   Jane Doe was introduced to Janet Doe, an adult trafficking victim of Sims.   Janet Doe was instructed to teach Jane Doe how to pose for advertisement photographs and to post ads of Jane Doe for commercial sex. Haynes witnessed an exchange between Sims and Janet Doe where Sims told Janet Doe not to leave Jane Doe by herself.   Haynes indicated that Sims knew Jane Doe was being posted in ads by Janet Doe.

Jane Doe engaged in commercial sex for the 3 days prior to Thanksgiving, November 23, 2017.   All monies earned by Jane Doe were provided to Haynes and/or Sims.

On Thanksgiving, Jane Doe called 911 and her grandmother and reported that she was being forced to engage in commercial sex.   Law enforcement responded to the Express Inn and Jane Doe was recovered.   The Defendants utilized cellular

phones and the internet, a means and facility of interstate and foreign commerce, to solicit, communicate with and arrange for the parties involved to engage in commercial sex acts.

## Breach of Plea Agreement

15. If Defendant should fail in any way to fulfill completely all of the obligations under this plea agreement, the United States will be released from its obligations under the plea agreement, and Defendant's plea and sentence will stand. If at any time Defendant retains, conceals, or disposes of assets in violation of this plea agreement, or if Defendant knowingly withholds evidence or is otherwise not completely truthful with the United States, then the United States may move the Court to set aside the guilty plea and reinstate prosecution. Any information and documents that have been disclosed by Defendant, whether prior to or subsequent to this plea agreement, and all leads derived therefrom, will be used against defendant in any prosecution.

## Restitution, Forfeiture, and Fines – Generally

16. This Plea Agreement is being entered into by the United States on the basis of Defendant's express representation that he will make a full and complete disclosure of all assets over which he exercises direct or indirect control, or in which he has any financial interest. Defendant agrees not to dispose of any assets or take

any action that would effect a transfer of property in which he has an interest, unless Defendant obtains the prior written permission of the United States.

17.   Defendant agrees to make complete financial disclosure by truthfully executing a sworn financial statement (Form OBD-500 or similar form) within 14 days of signing this plea agreement.   Defendant agrees to authorize the release of all financial information requested by the United States, including, but not limited to, executing authorization forms permitting the United States to obtain tax information, bank account records, credit histories, and social security information. Defendant agrees to discuss and answer any questions by the United States relating to Defendant's complete financial disclosure.

18.   Defendant agrees to take all steps necessary to pass clear title to forfeitable assets to the United States and to assist fully in the collection of restitution and fines, including, but not limited to, surrendering title, executing a warranty deed, signing a consent decree, stipulating to facts regarding the transfer of title and the basis for the forfeiture, and signing any other documents necessary to effectuate such transfer.   Defendant also agrees to direct any banks which have custody of his assets to deliver all funds and records of such assets to the United States.

19.   Defendant understands that forfeiture, restitution, and fines are separate components of sentencing and are separate obligations.

## Restitution

20.   Defendant agrees to pay full restitution to the victim(s) regardless of the count(s) of conviction. Defendant understands and agrees that the Court will determine the amount of restitution to fully compensate the victim(s).   Defendant agrees that restitution imposed by the Court will be due and payable immediately and that Defendant will not attempt to avoid or delay payment.   Subject to the provisions of paragraph 7 above, Defendant waives the right to challenge in any manner, including by direct appeal or in a collateral proceeding, the restitution order imposed by the Court.

## Forfeiture

21.   Defendant stipulates and agrees that the property listed in the Indictment's Notice of Forfeiture (and in any supplemental Notices) is subject to forfeiture, and Defendant agrees to the forfeiture of that property.

22.   Defendant agrees to waive any and all interest in any asset which is the subject of a related administrative or judicial forfeiture proceeding, whether criminal or civil, federal or state.

23.   Defendant consents to the order of forfeiture becoming final as to Defendant immediately following this guilty plea, pursuant to Federal Rule of Criminal Procedure 32.2(b)(4)(A).

14

24.   Subject to the provisions of paragraph 7 above, Defendant waives the right to challenge the forfeiture of property in any manner, including by direct appeal or in a collateral proceeding.

**Fines**

25.   Defendant understands that under the Sentencing Guidelines the Court is permitted to order Defendant to pay a fine that is sufficient to reimburse the government for the costs of any imprisonment or term of supervised release, if any. Defendant agrees that any fine imposed by the Court will be due and payable immediately, and Defendant will not attempt to avoid or delay payment.   Subject to the provisions of paragraph 6 above, Defendant waives the right to challenge the fine in any manner, including by direct appeal or in a collateral proceeding.

**Notification of the Sex Offender Registration and Notification Act**

26.   Defendant has been advised, and understands, that under the Sex Offender Registration and Notification Act, a federal law, he must register and keep the registration current in each of the following jurisdictions:   where he resides; where he is an employee; and where he is a student.   The Defendant understands that the requirements for registration include providing his name, his residence address and the names and addresses of any places where he is or will be an employee or a student, among other information.   The Defendant further

15

understands that the requirement to keep the registration current includes informing at least one jurisdiction in which he resides, is an employee, or is a student not later than three (3) business days after any change of residence, employment, or student status.   Defendant has been advised, and understands, that failure to comply with these obligations subjects him to prosecution for failure to register under federal law, 18 U.S.C. §2250, which is punishable by a fine or imprisonment, or both.

## Complete Agreement

27.   This written plea agreement, consisting of 19 pages, including the attached addendum of Defendant and his/her attorney, constitutes the complete plea agreement between the United States, Defendant, and Defendant's counsel.   No promises or representations have been made by the United States except as set forth in writing in this plea agreement.   Defendant acknowledges that no threats have been made against him/her and that he/she is pleading guilty freely and voluntarily because he is guilty.

28.   Any modification of this plea agreement must be in writing and signed by all parties.

Filed at _____Houston_____, Texas, on _____May 2_____, 20 19.

_____
Defendant

Subscribed and sworn to before me on _____May 2_____, 20 19.

DAVID J. BRADLEY, Clerk
UNITED STATES DISTRICT CLERK

By:   _____
Deputy United States District Clerk

APPROVED:

Ryan K. Patrick
United States Attorney

By: _____        _____
Sherri L. Zack                                  Louis Latimer
Assistant United States Attorney       Attorney for Defendant
Southern District of Texas

17

# UNITED STATES DISTRICT COURT
## SOUTHERN DISTRICT OF TEXAS
### HOUSTON DIVISION

| | | |
|---|---|---|
| **UNITED STATES OF AMERICA** | § | |
| | § | |
| **v.** | § | **CRIMINAL NO. 4:18-cr-455** |
| | § | |
| **GARY SHAWN HAYNES, JR.,** | § | |
| **Defendant.** | § | |

## PLEA AGREEMENT -- ADDENDUM

I have fully explained to Defendant his/her rights with respect to the pending indictment. I have reviewed the provisions of the United States Sentencing Commission's Guidelines Manual and Policy Statements and I have fully and carefully explained to Defendant the provisions of those Guidelines which may apply in this case. I have also explained to Defendant that the Sentencing Guidelines are only advisory and the court may sentence Defendant up to the maximum allowed by statute per count of conviction. Further, I have carefully reviewed every part of this plea agreement with Defendant. To my knowledge, Defendant's decision to enter into this agreement is an informed and voluntary one.

_____          5/2/19
Attorney for Defendant                    Date

18

I have consulted with my attorney and fully understand all my rights with respect to the indictment pending against me. My attorney has fully explained, and I understand, all my rights with respect to the provisions of the United States Sentencing Commission's Guidelines Manual which may apply in my case. I have read and carefully reviewed every part of this plea agreement with my attorney. I understand this agreement and I voluntarily agree to its terms.

_____        _____
Defendant                                                    Date
                                                                    5-2-19